United States District Court
Southern District of Texas
**ENTERED**
April 17, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYRIL WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0343 |
| | § | |
| SHOOT-A-WAY, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a trademark infringement action brought by plaintiff Cyril White ("Plaintiff") against defendant Shoot-A-Way, Inc. ("Defendant"). Pending before the court are Defendant Shoot-A-Way, Inc.'s Motion to Transfer to United States District Court Northern District of Ohio Toledo Division ("Defendant's Motion to Transfer") (Docket Entry No. 10), Plaintiff Cyril White's Response to Defendant Shoot-A-Way, Inc.'s Motion to Transfer Venue ("Plaintiff's Response") (Docket Entry No. 13), and Defendant Shoot-A-Way, Inc.'s Reply in Support of Its Motion to Transfer to United States District Court Northern District of Ohio Toledo Division (Docket Entry No. 14).

**I. Analysis**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "When considering a § 1404 motion to transfer, a district court considers a number of private-and public-interest factors, 'none of which can be said to be of dispositive weight.'" Wells v. Abe's Boat Rentals Inc., Civil Action No. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014) (quoting Action Industries, Inc. v. United States Fiduciary & Guaranty Company, 358 F.3d 337, 340 (5th Cir. 2004)). The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter Volkswagen I]. The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

The court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568,

581 (2013) (quoting 28 U.S.C. § 1404(a)). Because the court must give "some weight to the plaintiff['s] choice of forum," the party seeking a transfer must show good cause. Id. at 581 n.6; In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) [hereinafter Volkswagen II]. The decision to transfer a case under § 1404(a) is "committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." Mills v. Beech Aircraft Corporation, Inc., 886 F.2d 758, 761 (5th Cir. 1989).

"The preliminary question under the change of venue statute, 28 U.S.C. § 1404, is whether the suit could have been filed originally in the destination venue." Wells, 2014 WL 29590, at *1. Because Defendant resides in the Northern District of Ohio,[1] this action could have originally been filed there. See 28 U.S.C. § 1391(b).

The private-interest factors are neutral or weigh in favor of transfer. While any necessary documents could likely be transferred to the Southern District of Texas electronically, Defendant argues that it has evidence (such as its employees, documents, and the device containing the allegedly infringing marks[2]) that cannot easily be transported from its facilities in

---

[1]See Declaration of John G. Joseph, Exhibit A to Defendant's Motion to Transfer, Docket Entry No. 10-1, pp. 2-3; Counties Served by the Northern District of Ohio, https://www.ohnd.uscourts.gov/counties-served-division.

[2]The "device" is "a basketball shooting machine." See Defendant's Motion to Transfer, Docket Entry No. 10, p. 8; see also Image of THE GUN, Exhibit 1 to Plaintiff's Response, Docket Entry No. 13-1, pp. 1-2.

Ohio to Texas. Access to sources of proof is therefore either neutral or favors the Northern District of Ohio. Defendant also argues that the majority of the potential witnesses are Ohio residents. Plaintiff does not disagree, but instead argues that Defendant's only named witness (its owner, John Joseph) will likely be a willing witness and compulsory process will not be required. While unnamed witnesses are not given significant weight in the transfer inquiry, Smith v. Colonial Penn Insurance Co., 943 F. Supp. 782, 784 (S.D. Tex. 1996), any unnamed witnesses likely reside in Ohio because all of the allegedly infringing conduct took place there. The only identified potential witness residing in the Southern District of Texas is Plaintiff.[3] Because the majority of potential witnesses reside in the Northern District of Ohio, the private-interest factors regarding compulsory process over witnesses and the cost associated with transporting witnesses to an out-of-town forum favors the Northern District of Ohio. There are no additional practical problems counseling for or against transfer, and there is no evidence that a transfer would cause unnecessary delay or prejudice either party.

The public-interest factors are neutral or weigh in favor of transfer. There is no evidence of court congestion in either the Southern District of Texas or the Northern District of Ohio that counsels for or against transfer. The "local interest" factor is

---

[3] See Declaration of Cyril White, Exhibit 5 to Plaintiff's Response, Docket Entry No. 13-5.

neutral or slightly favors transfer. Defendant operates its business in Ohio, and the products bearing the allegedly infringing marks were manufactured and shipped from Defendant's facilities in Ohio. The action's only significant connection to the Southern District of Texas is Plaintiff's residence in Houston. While Texas has an interest in ensuring that the trademarks of its residents are not infringed, Ohio also has an interest in determining whether a company conducting business in Ohio has committed acts of trademark infringement in Ohio. Both jurisdictions have equal familiarity with federal trademark law. To the extent that Texas law applies to some of Plaintiff's claims, there is no evidence that the Northern District of Ohio is unable to interpret and apply Texas law. Neither party argues that a potential conflict of laws makes either forum more favorable.

Having considered the parties' arguments the court is persuaded that requiring Defendant to bear the cost of litigating this case in the Southern District of Texas would be unfair to Defendant. The balance of private-and-public-interest factors persuades the court that the Northern District of Ohio is a more convenient forum. A transfer to the Northern District of Ohio, Toledo Division, is therefore appropriate.

## II. Conclusion and Order

For the reasons explained above, the court concludes that the Northern District of Ohio is the more convenient forum and

Defendant Shoot-A-Way, Inc.'s Motion to Transfer to United States District Court Northern District of Ohio Toledo Division (Docket Entry No. 10) is therefore **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Northern District of Ohio, Toledo Division.

**SIGNED** at Houston, Texas, on this the 17th day of April, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE